IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AMY M. SIMMONS                                                                                          PLAINTIFF

v.                                      CIVIL NO. 21-2028

KILOLO KIJAKAZI,[1] Acting Commissioner
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Amy M. Simmons, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on January 7, 2019, alleging an inability to work since October 1, 2017, due to chronic pain syndrome, morbid obesity, and high blood pressure. (Tr. 117, 270). An administrative telephonic hearing was held on July 2, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 85-113).

By written decision dated August 17, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 21). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative joint

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

disease of the thoracic spine with acquired kyphosis, essential hypertension, morbid obesity, tricuspid valve disease and tachycardia. However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes, or scaffolds. She can occasionally stoop and crouch. The claimant should avoid more than occasional concentrated exposure to extreme temperatures, both could and heat. The claimant should avoid exposure to excessive vibration.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a shipping order clerk, an order complier, a routing clerk, and a collator operator. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on December 17, 2020. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 19).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following points on appeal: 1) Some evidence was not considered; 2) The RFC is inconsistent with the evidence; and 3) The Commissioner did not prove that there are jobs that Plaintiff can perform. (ECF No. 17). Defendant argues the ALJ properly considered all the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 19). The Court has reviewed the entire transcript and the parties' briefs.

Plaintiff argues remand necessary as it is unclear whether the ALJ or the Appeals Council considered Plaintiff's medical records, from Roger Bullington, APRN, that were submitted to the Commissioner after the administrative hearing held before the ALJ on July 2, 2020. (ECF No. 17, pp1-2). Defendant argues Plaintiff failed to submit Nurse Bullington's medical records or to inform the ALJ of the outstanding medical records five days before the administrative hearing and therefore were untimely filed. (ECF No. 19, pp. 2-4). Defendant further argues the medical records would not have changed the ALJ's determination. *Id*. The 5-day rule requires Plaintiff to either submit or "inform [the ALJ] about" all written evidence no later than five business days before the administrative hearing. 20 C.F.R. § 404.935(a). The Court notes that, at the administrative hearing, Plaintiff's counsel stated that her record was complete. (Tr. 90). Plaintiff does not now argue that she met the requirements for submission of late evidence under 20 C.F.R. § 404.935(b), and there is no evidence in the record to support this finding. Furthermore, Plaintiff failed to specifically delineate how Nurse Bullington's records would have changed the outcome of the case. *See Byes*

3

*v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (error is harmless if there is no indication that the ALJ would have decided differently had the error not occurred).

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude performing the RFC determined during the relevant time period. *See Hutton v. Apfel,* 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant).

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a shipping order clerk, an order complier, a routing clerk, and a collator operator. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL

4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 28th day of March 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE